# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DONALD MILES, | : |
| | : |
| **Plaintiff** | : CIVIL ACTION NO. 3:18-1061 |
| | : |
| v. | : |
| | : (MANNION, D.J.) |
| HAROLD ZECH, *et al.*, | : |
| | : |
| **Defendants** | : |

# M E M O R A N D U M

Pending before the court is the report and recommendation, (Doc. 3), of Judge Martin C. Carlson recommending that this civil rights action filed *pro se* by plaintiff Donald Miles, (Doc. 1), an inmate awaiting his criminal trial at the Lackawanna County Prison, ("LCP"), be dismissed. After granting plaintiff's motion to proceed *in forma pauperis* for the purpose of filing this action, Judge Carlson screened the complaint pursuant to 28 U.S.C. §1915(e)[1]. The screening performed by Judge Carlson was also under 28

---

[1]Section 1915(e)(2) of Title 28 of the United States Code provides:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that (A) the allegation of poverty is untrue; or (B) the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.

U.S.C. §1915A.[2]

On June 7, 2018, plaintiff filed objections to the report and recommendation with exhibits. (Doc. 5). Plaintiff then filed an amended complaint, (Doc. 6), and more objections to Judge Carlson's report, (Doc. 7). After having reviewed the record, the court will **ADOPT** the report and recommendation. The complaint will be **DISMISSED** and Plaintiff's objections will be **OVERRULED**.

## II. STANDARD OF REVIEW

When objections are timely filed to the report and recommendation of a magistrate judge, the district court must review *de novo* those portions of the report to which objections are made. 28 U.S.C. §636(b)(1); Brown v. Astrue, 649 F.3d 193, 195 (3d Cir. 2011). Although the standard is *de novo*, the extent of review is committed to the sound discretion of the district judge, and the court may rely on the recommendations of the magistrate judge to the extent it deems proper. Rieder v. Apfel, 115 F.Supp.2d 496, 499 (M.D.Pa. 2000) (citing United States v. Raddatz, 447 U.S. 667, 676 (1980)).

With respect to the portions of a report and recommendation to which

---

[2] Title 28 U.S.C. §1915A requires a district court to screen any complaint brought by a prisoner who seeks relief from a government employee for purposes of determining whether, *inter alia*, the complaint fails to present a viable cause of action. This initial screening is to be done as soon as practicable and need not await service of process. 28 U.S.C. §1915A(a).

no objections are made, the court should, as a matter of good practice, "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b), advisory committee notes; *see also* Univac Dental Co. v. Dentsply Intern., Inc., 702 F.Supp.2d 465, 469 (M.D.Pa. 2010) (citing Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987) (explaining judges should give some review to every report and recommendation)). Nevertheless, whether timely objections are made or not, the district court may accept, not accept, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. §636(b)(1); Local Rule 72.31.

## III. DISCUSSION

Plaintiff names 14 defendants in both his original complaint and amended complaint, including unlimited Doe defendants. Plaintiff asserts that he is being illegally confined in the LCP since December 13, 2017, and that his rights under the U.S. and Pennsylvania Constitutions have been violated regarding the filing of the state criminal charges against him since he is being deprived of his liberty without any judgment being made by his peers, i.e., a grand jury. The criminal charges filed against plaintiff are still pending in state court.[3] Specifically, plaintiff alleges that he was unlawfully charged and is

---

[3] As Judge Carlson indicates, plaintiff is charged with state drug trafficking offenses according to his state court docket found at

3

being unlawfully deprived of his liberty in prison since the grand jury should have determined if probable cause existed to charge him and should have approved of any charges that were filed against him. Plaintiff contends that since the probable cause determination was made by a Magisterial District Judge and since the charges against him were filed by the District Attorney in an Information, they were unconstitutionally brought and cannot proceed. As such, plaintiff states that he is challenging the legality of his detention. Plaintiff requests the court to dismiss his pending state charges and award him monetary damages.[4]

Judge Carlson details six reasons in his report why plaintiff's complaint fails to state a cognizable claim and should be dismissed. Plaintiff challenges Judge Carlson's determinations in his objections. The court has reviewed both the report and the objections. Additionally, the court also finds that plaintiff's amended complaint is subject to dismissal for the same reasons which Judge Carlson found required the dismissal of his original complaint.

First, Judge Carlson correctly finds that plaintiff cannot maintain a

---

https://ujsportal.pacourts.us/DocketSheets/CP.aspx and https://ujsportal.pacourts.us/DocketSheets/Appellate.aspx.

[4]Insofar as plaintiff claims his confinement in prison is unlawful and seeks release as well as the "dismissal of the charges against him as a result of [alleged] constitutional violations, such relief is only available through a writ of habeas corpus" after plaintiff has been tried and exhausts his state court appellate remedies. Jaffery v. Atlantic County Prosecutor's Office, 695 Fed.Appx. 38 (3d Cir. 2017) (citing Preiser v. Rodriguez, 411 U.S. 475, 489, 93 S.Ct. 1827 (1973)).

private action for damages under the Pennsylvania Constitution. *See* Smithson v. Rizzo, 2015 WL 1636143 (M.D.Pa. April 7, 2015); Moeller v. Bradford Co., 444 F.Supp.2d 316, 327 n. 13 (M.D.Pa. 2011) ("Pennsylvania has no statutory equivalent to 42 U.S.C. §1983, which provides a private right of action for a federal constitutional violation.").

Second, as Judge Carlson points out, plaintiff has no federal right to have had his state criminal charges presented to and approved by a grand jury. *See* Romansky v. Folino, 2017 WL 810689, *16 n. 10 (M.D.Pa. March 1, 2017) (Court noted that "the Fifth Amendment's grand jury indictment requirement does not apply, via the Fourteenth Amendment, to the states" and thus, "the laws of the Commonwealth of Pennsylvania are not subject to the Fifth Amendment's requirement of grand jury indictment.") (citing Hurtado v. California, 110 U.S. 516, 520 (1884)).

Third, Judge Carlson finds that under the *Younger* abstention doctrine, this court should not intervene in plaintiff's pending state criminal case. As Judge Carlson thoroughly explains in his report, the Supreme Court has recognized "a strong policy against federal intervention in state judicial processes in the absence of great and immediate irreparable harm to a federal plaintiff." [Moore v. Sims, 442 U.S. 415, 423 (1979)](discussing the abstention doctrine articulated by the Supreme Court in [Younger v. Harris, 401 U.S. 37 (1971)], and determining that it applies to civil, as well as criminal, proceedings). Application of the *Younger* doctrine to §1983 civil rights actions

in which the plaintiff is challenging the pending state court criminal charges filed against him and is alleging that the initiation and prosecution in the ongoing underlying state court action "violated and continues to violate his constitutional rights" is appropriate. *See* Smithson v. Rizzo, 2015 WL 1636143, *4; Jaffery v. Atlantic County Prosecutor's Office, 695 Fed.Appx. 38 (3d Cir. 2017).

Fourth, Judge Carlson finds that plaintiff's constitutional claims challenging his arrest and prosecution are barred by the "favorable termination" rule recognized in Heck v. Humphrey, 512 U.S. 477 (1994). No doubt that there must be a "favorable termination" for plaintiff in his underlying criminal proceeding regarding the stated claims and, that "to satisfy the favorable termination element, 'a prior criminal case must have been disposed of in a way that indicates the innocence of the accused in order to satisfy the favorable termination element.'" Id. at *3 (quoting Kossler v. Crisanti, 564 F.3d 181, 187 (3d Cir. 2009)). At this time, plaintiff simply cannot satisfy the favorable termination element in his case and his claims challenging his arrest and prosecution are *Heck* barred.

Fifth, Judge Carlson finds that the defendant judges and prosecutors sued in this case are entitled to immunity. The judges named by plaintiff are absolutely "immune from suit under section 1983 for monetary damages arising from their judicial acts." Gallas v. Supreme Court of Pa., 211 F.3d 760, 768 (3d Cir. 2000) (citations omitted). Similarly, the prosecutors named as

defendants are entitled to immunity. It is well-settled that prosecutors are entitled to absolute immunity when performing their official duties, including the decision to prosecute or not prosecute an individual. *See* Stankowski v. Farley, 487 F.Supp.2d 543 (M.D.Pa. 2007); Radocesky v. Munley, 247 Fed.App'x. 363, 365 (3d Cir. 2007).

Further, the probation officers named as defendants are entitled to absolute immunity since the claims against them involve their performance of functions integral to the judicial process. *See* Williams v. Consovoy, 453 F.3d 173 (3d Cir. 2006).

Lastly, Judge Carlson recommends that plaintiff's claim against LCP Warden should be dismissed for lack of allegations regarding any personal involvement by this defendant. The Warden cannot be held liable based upon his supervisory position as plaintiff seeks to do in this case. "To establish liability for deprivation of a constitutional right under §1983, a party must show personal involvement by each defendant." Ashcroft v. Iqbal, 556 U.S. 662, 676-77 (2009); *see also* Santiago v. Warminster Twp., 629 F.3d 121, 130 (3d Cir. 2010).

Moreover, to the extent plaintiff names the District Attorney's Office as a defendant, it must be dismissed since it is not a "person" subject to suit in a §1983 action. *See* Zerby v. Waltz, 2017 WL 386616, *6 (M.D.Pa. Jan. 27, 2017) (citing Briggs v. Moore, 251 Fed.Appx. 77, 79 (3d Cir. 2007)).

In addition, the Probation Office, which plaintiff names as a defendant,

7

must be dismissed since "the Eleventh Amendment bars Plaintiff from maintaining [his] Section 1983 action against the [Lackawanna] County Probation Department." *See* Creek v. Franklin County, 2018 WL 2427579, *3-*4 (M.D.Pa. May 30, 2018) (citing Haybarger v. Lawrence Cty. Adult Prob. & Parole, 551 F.3d 193, 197 (3d Cir. 2008) (Third Circuit held that "Pennsylvania's judicial districts, including their probation and parole departments, are entitled to Eleventh Amendment immunity.")).

Finally, based on the above, it would be futile to grant plaintiff leave to amend his complaints at this time.

As plaintiff still has his criminal case pending in state court, the report and recommendation of Judge Carlson is **ADOPTED IN ITS ENTIRETY**, and the complaints are **DISMISSED**. The objections filed by plaintiff are **OVERRULED**. A separate order shall issue.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**Date: June 29, 2018**
O:\Mannion\shared\MEMORANDA - DJ\CIVIL MEMORANDA\2018 MEMORANDA\18-1061-01.wpd

8